UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT,<br><br>Plaintiff,<br><br>v.<br><br>GENERAL REINSURANCE CORPORATION,<br><br>Defendant. | Case No. 14-cv-01866-JSC<br><br>**ORDER DENYING MOTION TO REMAND**<br><br>Re: Dkt. No. 8 |

Plaintiff San Francisco Bay Area Rapid Transit ("BART") brought this breach of contract action in Alameda County Superior Court against its excess insurer Defendant General Reinsurance Corporation ("GRC"). GRC subsequently removed the case to federal court based on diversity jurisdiction. Now pending before the Court is BART's motion to remand. (Dkt. No. 8.) BART contends that because the action "arises under" California's workers' compensation laws, the action is non-removable under 28 U.S.C. § 1445(c). After carefully considering the parties' submissions, and having had the benefit of oral argument on June 26, 2014, the Court concludes that BART's claims do not arise under the workers compensation laws and therefore DENIES the motion to remand.

**BACKGROUND**

GRC issued to BART an Excess Insurance Policy For Self-Insurer Of Workers Compensation and Employers Liability Policy ("the Policy"), effective July 1, 1985. The Policy provides that GRC will indemnify BART for loss as a qualified self-insurer under the worker's compensation law in excess of BART's retention of $500,000.

In late 2006, a former employee of BART was diagnosed with multiple myeloma. The employee filed an Application for Adjudication of Claim with the California Workers

1  Compensation Appeals Board ("WCAB"), alleging cumulative exposure to carcinogens while
2  employed by BART as a police officer. BART proceeded to defend the workers compensation
3  claim in the WCAB. The WCAB judge ultimately determined that the employee's occupational
4  exposure to benzene prior to October, 1991 was injurious in causing the cancer.

5  BART began to make payments to the employee following a settlement approved by the
6  WCAB judge. Once those payments exceeded BART's $500,000 obligation under the Policy,
7  GRC began reimbursing BART for the payments to the employee. At some point later, GRC
8  reversed course and asserted that the Policy did not cover the employee's claim, that it had no
9  obligation to indemnify BART, and that it was entitled to reimbursements for payments made to
10 BART under the Policy. GRC contends that BART violated numerous Policy obligations and
11 conditions and as a result GRC has no obligations to BART under the Policy. (Dkt. No. 4 at 16
12 ¶¶ 34, 40-41.) Among other things, GRC insists that there is no coverage under the Policy
13 because "the policy only covers bodily injury by disease when the employee's last day of last
14 exposure occurred during the Policy period." (*Id.* ¶ 34(e).)

15 This lawsuit followed. BART's Complaint alleges three causes of action: 1) breach of
16 contract; 2) breach of the covenant of good faith and fair dealing; and 3) declaratory relief. After
17 removal, GRC answered the Complaint and filed a Cross-Complaint against BART also alleging
18 three causes of action: 1) declaratory relief; 2) breach of contract; and 3) accounting &
19 reimbursement.

## LEGAL STANDARD

21 Subject to time constraints, defendants in a state court action may remove that action to
22 federal court when the case could have originally been brought in federal court. 28 USC §§ 1441,
23 1446(b). Courts strictly construe the removal statute against removal jurisdiction, "and any doubt
24 about the right of removal requires resolution in favor of remand." *Moore–Thomas v. Alaska*
25 *Airlines, Inc.*, 553 F3d 1241, 1244 (9th Cir. 2009). "The presumption against removal means that
26 the defendant always has the burden of establishing that removal is proper." *Id.* (internal
27 quotation marks omitted).
28 Pursuant to 28 U.S.C. § 1445(c), "[a] civil action in any State court arising under the

workmen's compensation laws of such State may not be removed to any district court of the United States." The policy rationales underlying 28 U.S.C. § 1445(c) are threefold: 1) protection against a plaintiff, and nonconsenting defendants, from having the plaintiff's choice of a state-forum disturbed, 2) a congressional concern for the states' interest in administering their own workers' compensation schemes, and 3) a concern that workers' compensation claims had increased the workload of the federal courts. *See Vasquez v. N. Cnty. Transit Dist.*, 292 F.3d 1049, 1061 (9th Cir. 2002). The Ninth Circuit has not directly analyzed the meaning of "arising under" as used in Section 1445(c). However, "other courts of appeals agree that 'arising under' in § 1445(c) has the same meaning as 'arising under' in 28 U.S.C. § 1331, which governs federal question jurisdiction." *Beaver v. NPC Intern., Inc.*, 451 F. Supp. 2d 1196, 1200 (D. Or. 2006) (collecting cases). The parties here agree. (Dkt. No. 8 at 5-6; Dkt. No. 12 at 2.)

Under Section 1331, a case can "aris[e] under" federal law in two ways. "Most directly, a case arises under federal law when federal law creates the cause of action asserted. As a rule of inclusion, this 'creation' test admits of only extremely rare exceptions, and accounts for the vast bulk of suits that arise under federal law[.]" *Gunn v. Minton*, 133 S. Ct. 1059, 1064 (2013) (citations omitted). "But even where a claim finds its origins in state rather than federal law . . . we have identified a 'special and small category' of cases in which arising under jurisdiction still lies." *Id.* (quoting *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699 (2006)). The Supreme Court has described the latter inquiry as follows:

> Does the "state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities"? That is, federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress.

*Id.* (quoting *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 314 (2005)).

## DISCUSSION

BART contends that because this action "arises under" California's workmen's

3

compensation laws removal was improper. Specifically, BART argues that, even though the workers' compensation laws do not create its claims,[1] it is necessary to interpret those laws and BART's relief depends on a resolution of substantial questions of the workers' compensation laws. GRC disagrees, asserting that this action does not arise under the workers' compensation laws since BART's claims fail the test set forth in *Gunn*, and, alternatively, because the Complaint does not allege a claim under the California Labor Code.

As an initial matter, the parties dispute whether *Gunn* applies to this case. As described above, in *Gunn* the Supreme Court reiterated a four-pronged test for determining whether a state-law claim qualifies as "arising under" federal law notwithstanding the lack of a federal cause of action. Because the parties agree that the definition of "arising under" in Section 1445(c) is the same as that for Section 1331 the Supreme Court's interpretation of Section 1331 in *Gunn* is controlling here. Indeed, in *Gunn*, the Court interpreted "arising under" in Section 1331 to apply to "arising under" in Section 1338—the statute creating federal exclusive jurisdiction of claims arising under the patent laws. *Id.* at 1064. That Section 1445(c) is a statute excluding federal jurisdiction while Sections 1331 and 1338 are statutes creating federal jurisdiction has no bearing on the analysis. The question with each statute is how to determine when a civil action is "arising under" a particular law or set of laws. *Gunn* (and *Grable*, the case upon which *Gunn* relies) answers that question.

BART's reliance on cases that do not apply the Supreme Court's current test for "arising under" jurisdiction is unpersuasive. *See Hamblin v. Coinstar, Inc.*, 2007 WL 4181822, at *1 (E.D. Cal. Nov. 21, 2007) (failing to cite *Grable* and holding that "arising under" requires only that an interpretation of a workers' compensation laws be necessarily raised); *see also Almanza v. Transcontinental Ins. Co.*, 802 F. Supp. 1474, 1478 (N.D. Tex. 1992) (finding that plaintiff's bad faith insurer claim satisfied the "arising under" definition simply because showing that a valid worker's compensation claim existed was an element of the claim). Contrary to BART's

---

[1] For this reason, BART's reliance on *Zurich Am. Ins. Co. v. General Motors Corp.*, 242 F. Supp. 2d 736 (E.D. Cal. 2003) is inapposite since *Zurich* concerned a plaintiff-insurer's subrogation claim under the workers' compensation statute—that is, the workers' compensation laws created the subrogation claim and thus Section 1445(c) precluded removal.

assertion, these cases do not stand for the proposition that the phrase "arising under" is much broader for purposes of Section 1445; they are simply outdated and do not follow the Supreme Court's interpretation of the phrase.

The Court agrees with GRC's framing of the *Gunn* test to the Section 1445 context.  As GRC notes, Section 1445 is an anti-removal statute that defines removal jurisdiction negatively.  Thus, under the *Gunn* test, a case otherwise removable may be removed unless the workers' compensation law issue is 1) necessarily raised, 2) actually disputed, 3) substantial, and 4) incapable of resolution in federal court without disrupting the federal-state balance approved by Congress.

Applying the translated *Gunn* test, the Court concludes that BART's claims do not arise under California's worker's compensation laws.  Regarding the first two prongs of the test, GRC fails to meet its burden to show that resolution of an actually disputed worker's compensation law issue is not necessary to BART's case.  While GRC identifies the first two prongs and states that they are "straightforward" (Dkt. No. 12 at 4), it fails to apply them.

GRC has, however, sufficiently shown that any disputed issue of worker's compensation law is not substantial "in the relevant sense."  *Gunn*, 133 S. Ct. at 1066.  In deciding whether the disputed federal issue was substantial, the *Gunn* Court held that it must look beyond the significance of the issue to the plaintiff's case and the parties before it, and look instead to "the importance of the issue to the federal system as a whole."  *Id.* ("[I]t is not enough that the federal issue be significant to the particular parties in the immediate suit; that will always be true when the state claim 'necessarily raise[s]' a disputed federal issue . . . .").  BART contends that in this action it "must demonstrate a valid workers compensation claim," and that the parties' dispute concerning the date of injury will "require an interpretation" of California Labor Code Sections 5412 and 5500.5.  (Dkt. No. 8 at 7.)[2]  However, as GRC argues, the Court's resolution of these

---

[2] In its reply, BART asserts, without citation to any document, that the Court will also need to determine "what constitutes injurious exposure, whether the [Agreed Medical Examiner] process was properly used, and whether the WCAB judge was correct in accepting the partial settlement." (Dkt. No. 14 at 2.)  Because BART failed to raise these additional arguments in its motion, thereby failing to give GRC the opportunity to respond, they will not be considered by the Court.  Moreover, the assertions are mere bald statements without any explained connection to BART's

5

1    issues is not important to the worker's compensation system as a whole.  Nothing in this case can

2    affect any compensation owed to the employee since the present dispute concerns only whether

3    the Policy requires the excess insurer to reimburse BART for what it pays for the employee's

4    workers' compensation.  *See Gunn*, 133 S. Ct. at 1066-67 (holding that state court's resolution of

5    patent law issues in legal malpractice action was not substantial in the relevant sense because "it

6    w[ould] not change the real-world result of the prior federal patent litigation").  Further, because

7    federal courts already may decide issues of workers' compensation laws when exercising original

8    or pendant jurisdiction over workers' compensation claims, the Court's resolution of such disputed

9    issues in this case would be of no significance to California's workers' compensation system.

10   BART fails to apply the *Gunn* test and thus offers no argument to the contrary.

11         The fourth *Gunn* factor is also not met; that is, BART's claims are not incapable of

12   resolution in federal court without disrupting the federal-state balance approved by Congress.  As

13   noted above, the policy rationales underlying 28 U.S.C. § 1445(c) are threefold: 1) protection of a

14   plaintiff, and nonconsenting defendants, from having the plaintiff's choice of a state-forum

15   disturbed, 2) a congressional concern for the states' interest in administering their own workers'

16   compensation schemes, and 3) a concern that workers' compensation claims had increased the

17   workload of the federal courts.  *See Vasquez*, 292 F.3d at 1061.  The plaintiff here is not the

18   injured employee; it is the employer seeking a contractual reimbursement from its excess insurer

19   under California common law.  Thus, this is not a case where an employee's workers'

20   compensation claim is removed and his choice of a state-forum disturbed.  Congress' concern for

21   California's interest in administering its own workers' compensation scheme would also not be

22   disturbed since, as explained above, resolution of disputed issues of workers' compensation laws

23   in this breach of contract case would have no effect on the administration of California's workers'

24   compensation scheme.  This case involves an insurance coverage dispute, not a claim for workers'

25   compensation benefits.  *See U.S. Fidelity and Guar. Co. v. Lee Invs, LLC,* 641 F.3d 1126, 1132

26   (9th Cir. 2011) (suggesting that a claim arises under section 1445 only if it "involve[s] an

27   _____

28   breach of contract claims. Finally, as explained at oral argument, this Court has no jurisdiction of the WCAB proceedings and nothing it decides in this action will change the result there.

adjudication of the Employee's workers' compensation benefits"). Finally, resolving BART's breach of contract claim would leave undisturbed Congress' concern that workers' compensation claims would increase the workload of federal courts because BART does not make a claim under the workers' compensation laws; rather, resolving any necessary yet insubstantial workers' compensation law issues in this breach of contract case would simply be consistent with Congress' provision of removal power to out-of-state defendants.

Because BART's claims do not "arise under" California's workers' compensation laws, BART's motion to remand is accordingly DENIED.

## CONCLUSION

For the reasons stated above, the motion to remand is DENIED.

**IT IS SO ORDERED.**

Dated: June 30, 2014

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge